UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| KYMBERLEE RAU,<br><br>Plaintiff,<br><br>v.<br><br>CUPPA, INC., RICHARD D. GRISWOLD, JEFFREY D. MADDUX, and LOU MOSER,<br><br>Defendants. | Case No. 8:16-cv-03230-VMC-JSS |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ITS ORDER GRANTING DEFENDANTS' MOTION TO STRIKE CLAIM FOR PUNITIVE DAMAGES AND SUPPORTING MEMORANDUM OF LAW**

Plaintiff respectfully requests reconsideration of the Court's Order granting Defendant's Motion to Strike Claim for Punitive Damages (dkt. 16) and states as follows:

1. On December 12, 2016, Defendants filed a Motion to Strike Plaintiff's prayers for punitive damages sought in connection with her state law claims under Counts IV, V and VI.

2. In their Motion to Strike, Defendants erroneously assert that pursuant to Fla.Stat. Section 768.72(1), Plaintiff is precluded from seeking punitive damages in her initial pleading and may only seek amendment to add a prayer for such damages upon a showing of record evidence in support thereof.

3. On December 12th, following the filing of the Motion to Strike, opposing counsel contacted the undersigned to discuss the issue raised therein. Undersigned indicated that he would further

review the matter and determine whether Plaintiff would oppose the Motion or enter a stipulation regarding same.

4. Undersigned computed the deadline for Plaintiff's opposition to the Motion to Strike as Thursday, December 29, 2016 based upon the 14 days prescribed by Local Rules plus the 3 day extension of time historically provided under Rule 6 of the Federal Rules of Civil Procedure for various types of service including "electronic means" and "mail."

5. On Monday, December 26, 2016, the undersigned, having further considered the merits of the Motion to Strike, requested that opposing counsel withdraw the Motion in light of precedent and persuasive authority for Plaintiff's position that the Section 768.72 preconditions to pleading punitive damages are inapplicable to claims brought in federal court. Undersigned furnished opposing counsel with the Eleventh Circuit's opinion in *Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1299 (11th Cir. 1999) as well as the Honorable Judge's unpublished opinion in *Brook v. Suncoast Schools, FCU*, Case No. 8:12-cv-01428-T-33MAP, pp. 10-11 (M.D. Fla., December 6, 2012). Opposing counsel indicated that they were doing further research and would respond with their position.

6. Undersigned followed up with opposing counsel via email on Wednesday, December 28th and requested a response noting the impending deadline of December 29th for the opposition filing.

7. Having not heard from opposing, undersigned prepared a response in opposition to the Motion to Strike for filing today, Thursday, December 29th. However, the Court issued its Order granting Defendants' Motion to Strike finding that the Motion went unopposed.

8. Undersigned can only assume that the Court calculated the deadline for Plaintiff's opposition filing as Tuesday, December 27th (based upon the prescribed 14 days under Local Rules taking into

consideration the federal holiday of December 26th falling on the last day of the period) as opposed to the 29th.

9. In calculating the deadline for Plaintiff's response, undersigned operated under the honest, though apparently mistaken, belief that the 3 day extension of time prescribed by Federal Rule of Civil Procedure 6(d) applied where service of the underlying Motion to Strike was effectuated via the CM/ECF filing system. In fact, the Middle District of Florida Administrative Procedures for Electronic Filing expressly provide, "Service through CM/ECF is considered service by *mail* under the Federal Rules of Procedure." (Section III(E)(2)) (emphasis added). Pursuant to Federal Rules of Civil Procedure 5(b)(2)(C) and 6(d), the 3 day extension applies to service by "mail."

10. However, undersigned has become aware that as part of the recent amendments to the Federal Rules of Civil Procedure, effective December 1, 2016, the aforementioned 3 day extension no longer applies to service made by "electronic means" under Rule 5(b)(2)(E). It preserves the 3 day extension when service is made by "mail" and the above-referenced Section III(E)(2) still defines service through CM/ECF as service by mail.

11. Just the same, undersigned does not seek to persuade the Court that he properly calculated the deadline. Undersigned only states that he honestly believed the 29th was the deadline and was endeavoring to resolve the issue raised in the Motion to Strike up until said deadline. The failure to file an opposition to the Motion to Strike by December 27, 2016, was not the product of a conscious disregard of applicable procedural rules or an improper attempt to delay the proceedings. At most, it was the result of excusable neglect. *See* Fed.R.Civ.Pr. 6(b)(1)(B) (allowing a court to extend the time for a party to act where the failure to act within the specified period was the result of excusable neglect).

12. Under the circumstances, it is respectfully requested that the Court accept consideration of Plaintiff's opposition to Defendants' Motion to Strike articulated below.

13. Turning to the substantive merits of Plaintiff's opposition, Defendants maintain that Plaintiff may only add a prayer for punitive damages with regard to her state law claims upon an evidentiary showing in the record of an entitlement to such damages.

14. Contrary to Defendants' urgings, the preconditions to seeking punitive damages prescribed by Section 768.72 are inapplicable in federal court given their direct conflict with Rule 8 of the Federal Rules of Civil Procedure which merely requires a short and plain statement of asserted claims and relief sought.

15. Aside from their contention that Plaintiff's prayers for punitive damages offend Section 768.72, Defendants do not otherwise challenge the propriety of Plaintiff's pleading of entitlement to punitive damages.

16. As such, Defendants' Motion to Strike is due to be denied.

17. In support of her opposition to the Motion to Strike, Plaintiff relies upon the following Memorandum of Law.

**Memorandum of Law**

In *Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1299 (11th Cir. 1999), the Eleventh Circuit considered whether the pleading requirements set forth in Fla.Stat. Section 768.72 with respect to punitive damages are applicable to state law claims brought in federal court in a diversity jurisdiction case. The Court determined that Section 768.72 was not applicable holding that "...Florida Statute 768.72 conflicts with and must yield to the 'short and plain statement' rule

contained in Federal Rule of Civil Procedure 8(a)(3), and as a result a Florida plaintiff in federal court because of diversity jurisdiction need not obtain leave of court before pleading a request for punitive damages." *Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir. 2000)(en banc).

In contrast to *Cohen*, subject matter jurisdiction over the state law claims in the instant case is premised upon supplemental jurisdiction under 28 U.S.C. Section 1367. However, there is no compelling reason to distinguish state law claims brought in diversity versus those asserted in a federal question/supplemental jurisdiction case with regard to pleading punitive damages. In fact, this was pointedly recognized in *Brook v. Suncoast Schools, FCU*, Case No. 8:12-cv-01428-T-33MAP, pp. 10-11 (M.D. Fla., December 6, 2012):

> Cohen established that a plaintiff in a diversity action who pleads punitive damages in federal court is under no obligation to show evidence in the record that would provide a basis for its demand. In federal court, a plaintiff must only comply with Rule 8(a)(3), which merely requires that the pleading set forth "a demand for the relief sought." Fed. R. Civ. P. 8(a)(3). **Although this Court's jurisdiction over the state law claims in the instant case is supplemental under 28 U.S.C. § 1367 rather than original diversity jurisdiction under 28 U.S.C. § 1332, the Court determines that the same reasoning should apply here.**

(emphasis added). Consequently, the pleading requirements of Section 768.72(1) should not apply in the instant matter.

WHEREFORE, Plaintiff requests that the Court accept her opposition to Defendant's Motion to Strike, reconsider its Order of December 29, 2016, and DENY Defendants' Motion to Strike.

Respectfully submitted,

***s/ R. Michael Pierro, Jr.***

R. MICHAEL PIERRO, JR.
Florida Bar No. 0013023
*Counsel for Plaintiff*

**LAW OFFICE OF R. MICHAEL PIERRO, JR., P.A.**
146 Second Street North – Suite 310
St. Petersburg, Florida 33701
(727) 201-2573 | (727) 491-7072 – Fax
mikepierro@rmpemploymentlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of December, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Alan M. Gross, Esquire, Alan M. Gross, P.A., 4731 Central Avenue, St. Petersburg, FL 33713 (agross@alangrosslaw.com) and Karen E. Maller, Esquire, Powell, Carney, Maller, P.A., One Progress Plaza, Suite 1210, St. Petersburg, FL 33701 (kmaller@powellcarneylaw.com).

***s/ R. Michael Pierro, Jr.***
ATTORNEY