UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KYMBERLEE RAU,

       Plaintiff,
v.                             Case No. 8:16-cv-3230-T-33JSS

CUPPA, INC., RICHARD D.
GRISWOLD, JEFFREY D. MADDUX,
and LOU MOSER,

       Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Plaintiff Kymberlee Rau's Motion for Reconsideration of Order Granting Defendants' Motion to Strike Claim for Punitive Damages (Doc. # 21), which was filed on December 29, 2016. Defendants had the opportunity to respond to the Motion for Reconsideration, but failed to file a Response in Opposition to the Motion and the time to do so has now expired. As explained below, the Court grants the Motion for Reconsideration. Rau's demand for punitive damages is reinstated.

**I.**   **Background**

Defendant Cuppa, Inc. is a St. Petersburg, Florida corporation specializing in the manufacture of unique custom made gifts. (Doc. # 1 at ¶¶ 3, 12). Defendant Richard

1

Griswold is Cuppa's CFO, Defendant Jeffrey Maddux is Cuppa's Chairman, and Defendant Lou Moser is Cuppa's President. (Id. at ¶¶ 4-6). Plaintiff Kimberlee Rau was employed by Cuppa as a salesperson from August 2007 until October 2008 at which time she was laid off due to a downturn in Cuppa's business. (Id. at ¶ 16).  She was rehired in 2011 and worked for Cuppa until June of 2016. (Id. at ¶ 17).

Rau claims that Cuppa failed to pay her in accordance with the requirements of the Fair Labor Standards Act and also alleges that Cuppa retaliated against her when she complained about Cuppa's pay practices.  She contends that Griswold made matters worse by "yelling and cursing" about "Rau's complaint." (Id. at ¶ 39).  Then, according to Rau, Griswold battered her in Moser's presence, by slamming a door against her body, squeezing her shoulder, shoving her, and shaking her. (Id. at ¶¶ 41-42).  Rau claims that Moser failed to intervene to prevent the alleged attack. (Id. at ¶ 43).  Rau also contends that on June 20, 2016, Defendants falsely accused her of fraud, contacted the police, and had her arrested based on false pretenses. (Id. at ¶¶ 51-59).  "Two days later, with no apparent end to the acts of retaliation in sight and fearing for her safety, Rau resigned from her employment with Cuppa." (Id. at ¶ 60).

Rau initiated this action on November 18, 2016, by filing a Complaint containing the following counts: failure to pay overtime wages in violation of the Fair Labor Standards Act as to all Defendants (Count 1); breach of contract and entitlement to attorneys' fees under Florida Statute § 448.08 as to Defendant Cuppa (Count 2); FLSA retaliation as to all Defendants (Count 3); battery as to Griswold and Cuppa (Count 4); intentional infliction of emotional distress as to all Defendants (Count 5); and violation of Florida's private whistleblower act, Florida Statute § 448.102 as to Cuppa (Count 6). Rau has included a prayer for punitive damages with respect to Counts 4-6.

This is a fast track case, and the Court entered an Order requiring Rau to file Answers to the Court's Interrogatories as well as containing the requirement that Defendants file a Verified Summary of all hours Rau worked and the wages paid to Rau. (Doc. # 17). Rau's Answers to the Court's Interrogatories reveal that, with respect to her FLSA claims, she seeks "$195.75 in unpaid straight time wages, $88.50 in unpaid overtime wages plus $88.50 in liquidated damages." (Doc. # 22-1 at 3).

Defendants filed an Answer and Affirmative Defenses (Doc. # 15) on December 8, 2016. Shortly thereafter, on December

12, 2016, Defendants filed a Motion to Strike Rau's demand for punitive damages. (Doc. # 16). The Court granted the Motion to Strike as an unopposed Motion on December 29, 2016, based on Rau's failure to respond. (Doc. # 20). Thereafter, on December 29, 2016, Rau filed a Motion for Reconsideration explaining that her counsel miscalculated the deadline for responding to the Motion to Strike. (Doc. # 21). Rau does, in fact, oppose Defendants' Motion to Strike and she requests that the Court consider her arguments in response regarding her demand for punitive damages. The Motion for Reconsideration is unopposed.

**II. <u>Analysis</u>**

As stated in <u>Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc.</u>, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "a motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." <u>Lamar Adver. of Mobile, Inc. v. City of Lakeland</u>, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify

4

reconsideration of a prior order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Fla. College of Osteopathic Med., Inc., 12 F. Supp. 2d at 1308.  Further, as explained in Ludwig v. Liberty Mutual Fire Insurance Company, Case No. 8:03-cv-2378-T-17MAP, 2005 U.S. Dist. LEXIS 37718, at *8 (M.D. Fla. Mar. 30, 2005), "This Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." Id. at 9-10.  In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Id. at 11. (citation omitted).

Here, Rau has not presented new evidence nor has Rau pointed to a change in controlling law.  However, the Court will consider her arguments in an abundance of fairness and in an effort to resolve matters on the merits, rather than based on a party's failure to respond to a motion.

The Court is persuaded by Rau's discussion of punitive damages.  In Cohen v. Office Depot, Inc., 204 F.3d 1069, 1072 (11th Cir. 2000), the Eleventh Circuit considered whether the pleading requirements of Florida Statute § 768.72 regarding punitive damages are applicable to state law claims brought in

5

federal court under diversity jurisdiction. Florida Statute § 768.72 states: "In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. The claimant may move to amend her or his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure."

Specifically, the Cohen court held that "Florida Statute 786.72 conflicts with and must yield to the 'short and plain statement' rule contained in Federal Rule of Civil Procedure 8(a)(3), and as a result a Florida plaintiff in federal court because of diversity jurisdiction need not obtain leave of court before pleading a request for punitive damages." Id.

In contrast to Cohen, this Court has subject matter jurisdiction over this case based on the presentation of a federal question, with the court exercising supplemental jurisdiction over Rau's state law claims. The holding handed down in Cohen regarding pleading punitive damages is nevertheless applicable. Considering a motion to strike punitive damages, this Court explained in Brook ex. rel. Cardoso v. Suncoast Schools, FCU, No. 8:12-cv-1428-T-33MAP, 2012 U.S. Dist. LEXIS 173168 (M.D. Fla. Dec. 6, 2012),

6

"Although this Court's jurisdiction over the state law claims in the instant case is supplemental under 28 U.S.C. § 1367 rather than original diversity jurisdiction under 28 U.S.C. § 1332, the Court determines that the same reasoning [as articulated in Cohen] should apply here." Id. at *12-13.

The Court accordingly grants the Motion for Reconsideration and reinstates Rau's demand for punitive damages.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Kymberlee Rau's Motion for Reconsideration of Order Granting Defendants' Motion to Strike Claim for Punitive Damages (Doc. # 21) is **GRANTED**. Rau's demand for punitive damages is reinstated.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 19th day of January, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE