UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KYMBERLEE RAU,

    Plaintiff,
v.                                              Case No. 8:16-cv-3230-T-33JSS

CUPPA, INC., ET AL.,

    Defendants.
_____/

**ORDER**

    This matter comes before the Court sua sponte. The Court held a case management hearing on March 1, 2017, and heard from the parties regarding the nature of the claims and defenses asserted in this case. As explained herein and at the hearing, the Court declines to exercise jurisdiction over Plaintiff Kimberlee Rau's state law claims, finding that they predominate over the federal claims asserted. Rau may file her state law claims in state court, as explained herein.

**Discussion**

    On November 18, 2016, after her separation from employment, Rau filed her Complaint (Doc. # 1), containing the following counts: FLSA overtime as to all Defendants (Count One); breach of contract and entitlement to attorney's fees and costs under Fla. Stat. § 448.08 as to Defendant Cuppa (Count Two); FLSA retaliation as to all Defendants (Count Three); battery against Griswold and Cuppa (Count Four);

intentional infliction of emotional distress as to all Defendants (Count Five); and violation of Florida's Private Whistle Blower Act, Fla. Stat. § 448.102, against Cuppa (Count Six).

The limited discovery conducted so far reveals that Rau is seeking $195.75 in unpaid straight time wages, $88.50 in overtime wages, and $88.50 in liquidated damages under the FLSA. (Doc. # 22-1 at 3). Her counsel "has expended 43.10 hours on this case at an hourly rate of $325.00 for a total of $14,007.50 in attorney's fees [and] costs incurred to date are $540.00." (Id.).

Recently, Defendants filed a submission recognizing that Rau is seeking monetary relief under the FLSA but emphasizing: "The additional causes of action in the Complaint are of a more serious nature in that Plaintiff contends that there has been a battery, intentional infliction of emotional distress, as well as retaliatory conduct by the Defendants. These matters are what is at the heart of the dispute. Because of the seriousness of these allegations, the case itself goes beyond just the claims of failure to pay wages." (Doc. # 25 at 2).

As suggested by Defendants, the Court finds that the state law claims presented in Counts Two, Four, Five, and Six,

2

particularly the battery and intentional infliction of emotional distress claims, substantially predominate over the two federal claims asserted under the FLSA.

Federal courts are courts of limited jurisdiction. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). The presumption, in fact, is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. United States v. Rojas, 429 F.3d 1317, 1320 (11th Cir. 2005). Nevertheless, the exercise of jurisdiction is proper over claims to which the Court's jurisdiction would ordinarily not extend if they form part of the same case or controversy as "any civil action of which the district courts have original jurisdiction." 28 U.S.C. § 1367(a).

Rau's FLSA claims form the basis of this Court's original jurisdiction and the Court has supplemental jurisdiction over the related state law claims. However, the Court's supplemental jurisdiction analysis does not end there. As codified in 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over a state law claim when such claim (1) raises a novel or complex issue of state law or (2) would substantially predominate over the federal claim forming the basis of the court's original subject matter

jurisdiction.

The unique factual allegations presented convince the Court that the state law claims asserted should be severed and dismissed without prejudice. In addition, the nature of the claims is not such that "all claims would be expected to be tried together." Cruz v. Winter Garden Realty, LLC, No. 6:12-cv-1098, 2012 U.S. Dist. LEXIS 176734 (M.D. Fla. Nov. 27, 2012). This Court has developed a "fast track" for the resolution of FLSA claims that is highly effective and is focused on speedy resolution of an employee's demands for unpaid wages. Rau's allegations regarding being physically battered at her place of employment and being subjected to intentional infliction of emotional distress, among other claims, are in an entirely different realm than her demand for unpaid wages. See, e.g., Patel v. Goldspot Stores, LLC, No. 6:15-cv-198, 2015 U.S. Dist. LEXIS 67796, *5 (M.D. Fla. May 1, 2015)(declining to exercise supplemental jurisdiction over the defendant employer's misappropriation counterclaims, based on FLSA plaintiffs' alleged theft of lottery tickets at work, explaining: "the only connection between an action for unpaid wages and the alleged misappropriation is that Plaintiffs were employed by Goldspot at the time. This is not enough."); Bennett v. S. Marine Mgmt. Co., 531 F. Supp. 115, 117 (M.D.

Fla. 1982)(combining Title VII and state tort law and contract claims would cause confusion and delay, which is at odds with important federal policies underlying Title VII); <u>Williams v. Bennett</u>, 689 F.2d 1370, 1380 (11th Cir. 1982)(affirming district court's exercise of discretion not to assert supplemental jurisdiction over state law assault and battery claims).

Considering judicial economy, fairness to the parties, and prudential notions for comity, the Court declines to exercise jurisdiction over the state law claims. Those claims are novel and complex and they "dominate the federal claims and obscure their significance." <u>Mather v. Portfolio Recovery Assocs., LLC</u>, No. 16-cv-62640, 2016 U.S. Dist. LEXIS 156670, at *3 (S.D. Fla. Nov. 10, 2016).[1]

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

The Court declines to exercise jurisdiction over Rau's state law claims asserted in Counts Two, Four, Five, and Six. Those counts are dismissed without prejudice.

---

[1] The Court directs Rau to 28 U.S.C. § 1367(d), which tolls the limitations period on claims asserted under § 1367(a) for thirty days, unless state law provides for a longer tolling period, so that the state law claims may be re-filed in state court if Rau so chooses.

**DONE** and **ORDERED** in Tampa, Florida, this 2nd day of March, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE